## LEM HING DUN *v.* UNITED STATES.

*(Circuit Court of Appeals, Ninth Circuit. January 7, 1892.)*

APPEAL—DISMISSAL—RECORDS AND BRIEFS.

In the circuit court of appeals dismissals are provided for if no counsel appears or no brief is filed for appellant or plaintiff in error "when the case is called for trial," (Rule 23, 47 Fed. Rep. x.;) and also if the record has not been printed "when the case is reached in the regular call of the docket," (Rule 23.) *Held,* that the time meant in each rule is not the time of going through the docket to arrange the business of the court, but the time of actual call for trial, and no motion to dismiss on the grounds mentioned can be entertained before that time.

Appeal from the District Court of the United States for the Northern District of California.

Application for writ of *habeas corpus* to release Lem Hing Dun from restraint on board the steamer City of Peking, and to permit him to land in the United States. The court below found that the prisoner was not entitled to land under the exclusion act, and remanded him to the custody of the master, to be transported to China. The prisoner appeals.

*Z. T. Cason,* for appellant.

*W. G. Witter,* Asst. U. S. Atty.

Before HANFORD, HAWLEY, and MORROW, District Judges.

HANFORD, District Judge. A motion to dismiss the appeal in this case has been made for the reasons that the appellant has failed to have the record printed, and copies thereof furnished to the adverse party, as required by rule 23 of this court, and that the attorney for the appellant is not yet prepared to argue the case, although it was docketed in this court prior to the beginning of the present term in October last.

We have acted upon and granted similar motions at this session. In doing so, we were influenced by representations made in open court that counsel for the appellant in each case had declared an intention to abandon the appeal, and by the fact that the motions were not opposed by

any attorney appearing generally in behalf of the appellants. But we wish to have it understood that we have not intended to establish a precedent, or to give a construction to the rules authorizing motions to dismiss prior to the actual calling of the cases for argument. This court has but one term in each year, and rule 17 does not warrant the dismissal of a case until it shall have been called for hearing at two terms successively. If upon such call at the second term neither party is ready to argue it, a case will be then dismissed by the court upon its own motion; the object of the rule being to prevent the slumbering of cases after both parties have lost interest therein. Rule 22 provides that where no counsel appears and no brief has been filed for the plaintiff in error or appellant when the case is called for trial, the defendant may have the plaintiff called, and the writ of error or appeal dismissed. It is certainly plain that under this rule a motion to dismiss, made before the case is regularly reached and called for trial, is premature. Rule 23 provides for printing of the record and service of copies to be made at least six days before the trial, and that, if the record shall not have been printed when the case is reached in the regular call of the docket, the case may be dismissed. The time when a motion to dismiss for failure to observe the requirements of this rule may be made is the same as under rule 22. The regular call of the docket is the call that is made of the cases thereon for trial, and not a going through the entire docket at any one time for the purpose of informing the court and counsel as to the condition of pending cases, or to arrange the business of the court. The rules are intended to conform the practice in this court to the practice in the supreme court as nearly as it may be, and we think that if a case is docketed in time, any subsequent neglect should not authorize the respondent to move for a dismissal prior to the actual call of the case for trial.

This case has not been reached in the call of the docket, and in our opinion we cannot at this time entertain a motion to dismiss on such grounds as are alleged in this motion.